United States Bankruptcy Court

Eastern District of Pennsylvania

In re:     Case No. 17-17600-amc

Michele Ann Sarkisian-Haines     Chapter 13

    Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2     User: admin     Page 1 of 2

Date Rcvd: Apr 09, 2021     Form ID: 3180W     Total Noticed: 9

The following symbols are used throughout this certificate:
**Symbol    Definition**

+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 11, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Michele Ann Sarkisian-Haines, 316 Newport Road, Bristol, PA 19007-3007 |
| 14080425 | + | Bristol Township, c/o Portnoff Law Associates, Ltd., P.O. Box 3020, Norristown, PA 19404-3020 |
| 14198948 | + | Jeffery A. Fournier, Esquire, 2480-B Durham Road, Bristol, PA 19007-6902 |
| 14073342 | + | U.S. Bank National Association (Trustee for the Pe, 211 North Front Street, Harrisburg, PA 17101-1406 |

TOTAL: 4

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| smg | | Email/Text: megan.harper@phila.gov | Apr 10 2021 02:12:00 | City of Philadelphia, City of Philadelphia Law Dept., Tax Unit/Bankruptcy Dept, 1515 Arch Street 15th Floor, Philadelphia, PA 19102-1595 |
| smg | | EDI: PENNDEPTREV | Apr 10 2021 03:23:00 | Pennsylvania Department of Revenue, Bankruptcy Division, P.O. Box 280946, Harrisburg, PA 17128-0946 |
| smg | | Email/Text: RVSVCBICNOTICE1@state.pa.us | Apr 10 2021 02:12:00 | Pennsylvania Department of Revenue, Bankruptcy Division, P.O. Box 280946, Harrisburg, PA 17128-0946 |
| smg | + | Email/Text: usapae.bankruptcynotices@usdoj.gov | Apr 10 2021 02:12:00 | U.S. Attorney Office, c/o Virginia Powel, Esq., Room 1250, 615 Chestnut Street, Philadelphia, PA 19106-4404 |
| 14089467 | | Email/PDF: resurgentbknotifications@resurgent.com | Apr 10 2021 02:19:27 | LVNV Funding, LLC its successors and assigns as, assignee of FNBM, LLC, Resurgent Capital Services, PO Box 10587, Greenville, SC 29603-0587 |
| 14067325 | + | EDI: AIS.COM | Apr 10 2021 03:23:00 | Verizon, by American InfoSource LP as agent, 4515 N Santa Fe Ave, Oklahoma City, OK 73118-7901 |

TOTAL: 6

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the**

District/off: 0313-2 | User: admin | Page 2 of 2
Date Rcvd: Apr 09, 2021 | Form ID: 3180W | Total Noticed: 9

complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Apr 11, 2021    Signature:    /s/Joseph Speetjens

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 8, 2021 at the address(es) listed below:

| Name | Email Address |
| --- | --- |
| FREDERICK L. REIGLE | on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com ecf_frpa@trustee13.com |
| JAMES RANDOLPH WOOD | on behalf of Creditor Bristol Township jwood@portnoffonline.com jwood@ecf.inforuptcy.com |
| JEFFERY A. FOURNIER | on behalf of Debtor Michele Ann Sarkisian-Haines jefffournier@verizon.net |
| LEON P. HALLER | on behalf of Creditor U.S. BANK NATIONAL ASSOCIATION (TRUSTEE FOR THE PENNSYLVANIA HOUSING FINANCE AGENCY) lhaller@pkh.com dmaurer@pkh.com;mgutshall@pkh.com |
| POLLY A. LANGDON | on behalf of Trustee Scott F Waterman ecfmail@readingch13.com |
| REBECCA ANN SOLARZ | on behalf of Creditor U.S. BANK NATIONAL ASSOCIATION (TRUSTEE FOR THE PENNSYLVANIA HOUSING FINANCE AGENCY) bkgroup@kmllawgroup.com |
| Scott F Waterman | ECFMail@ReadingCh13.com |
| United States Trustee | USTPRegion03.PH.ECF@usdoj.gov |

TOTAL: 8

| **Information to identify the case:** | | |
|---|---|---|
| Debtor 1 | Michele Ann Sarkisian–Haines | Social Security number or ITIN  xxx–xx–7672 |
| | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN  _ _ _ _ |
| | | EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | Eastern District of Pennsylvania | |
| Case number: | 17–17600–amc | |

## Order of Discharge                                                                                           12/18

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

   Michele Ann Sarkisian–Haines

<u>4/8/21</u>                                                            **By the court:** <u>Ashely M. Chan</u>
                                                                                    United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2>**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for restitution, or a criminal fine, included in a sentence on debtor's criminal conviction;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**